959 F.2d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph M. ARBING, Plaintiff-Appellant,
v.
Josephine BROWN and J. Ronald Haws, Defendants-Appellees.
 No. 89-2474.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 31, 1992.*
Decided April 7, 1992.
 
 Before POSNER and EASTERBROOK, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff-appellant appeals from the district court's dismissal of his complaint filed under 42 U.S.C. § 1983. We AFFIRM for the reasons stated by the district court in the attached order.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
 
 DISTRICT OF ILLINOIS
 
 3
 JOSEPH M. ARBING, Plaintiff,
 
 
 4
 v.
 
 
 5
 JOSEPHINE BROWN, et al., Defendants.
 
 CAUSE NO. 88-3378
 JUNE 29, 1989
 MEMORANDUM AND ORDER
 STIEHL, District Judge:
 
 6
 Before the Court is a Report and Recommendation of United States Magistrate Philip M. Frazier that the Court grant defendants' Motion to Dismiss. Plaintiff has filed objections to the magistrate's report; therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will make a de novo review of those portions of the record to which objections were filed.
 
 
 7
 Plaintiff is an inmate who is currently incarcerated at Shawnee Correctional Center. However, his complaint involves incidents which allegedly occurred while he was incarcerated at Centralia Correctional Center. He brings this action pursuant to 42 U.S.C. § 1983, alleging that three letters which should have been considered "privileged mail" were opened and returned to him by officials at the Centralia Correctional Center. These three letters were addressed to: (1) the Commission on Civil Rights; (2) the President of the United States; and (3) Norman Carlson, then Director of the Federal Bureau of Prisons.
 
 
 8
 Plaintiff's first two claims can be disposed of summarily. It is clear that no argument can be made that the letters to the Commission on Civil Rights and to President Reagan are "privileged" or "legal" mail under Ill.Admin.Code tit. 20, § 525.100, et seq (1987). Moreover, plaintiff does not allege that the rules were unconstitutional as applied to him or that unlawfully discriminatory actions were taken against him by use of the rules. Consequently, plaintiff's first two claims must be viewed as challenging the regulations in question as facially unconstitutional. Such a challenge was expressly rejected by the Seventh Circuit in Gaines v. Lane, 790 F.2d 1299, 1304-05 (7th Cir.1986), which held that sufficient safeguards existed to uphold the regulations. Therefore, the Court finds that plaintiff has failed to state a claim as to the letters to the Commission on Civil Rights and to President Reagan.
 
 
 9
 Unlike the first two letters, the third, a letter to Norman Carlson, was incorrectly categorized by the prison and Adjustment Committee as "non-privileged." The IDOC rules define "privileged mail" to include mail to and from "Officials of the U.S. Department of Justice." Ill.Admin.Code tit. 20, § 525.110(d)(9) (1987). Norman Carlson, as Director of the Federal Bureau of Prisons, is an official of the U.S. Department of Justice. Therefore, any mail to him must be considered "privileged."
 
 
 10
 The question then becomes whether the mishandling of plaintiff's mail in these circumstances rises to the level of a constitutional violation. It is true that in the absence of restrictions premised upon legitimate penological objectives, prison inmates retain their first amendment rights. Pell v. Procunier, 417 U.S. 817 (1974). However, isolated instances of mail disruption or theft of reading material do not suffice to establish a First Amendment violation. Sizemore v. Williford, 829 F.2d 608, 610-11 (7th Cir.1987); Bruscino v. Carlson, 654 F.Supp. 609, 618 (S.D.Ill.1987), aff'd 854 F.2d 162 (7th Cir.1988); cert. denied --- U.S. ----, --- S.Ct. ----, WL 66021 (1989). Rather, constitutional protection is reserved for those situations where there is a pattern of interference or where a prisoner's mail is arbitrarily or capriciously interfered with for the purpose of harassment. Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir.1986). In a situation very similar to the case at bar, the court in Bruscino found that although courts in no way condone the improper handling of privileged mail, in absence of a showing of a systematic pattern or practice of interference, no constitutional violation occurs. Bruscino, 654 F.Supp. at 618. Since the plaintiff does not, and cannot, on the basis of the facts before the Court, allege a pattern or practice of interference, the Court finds that no constitutional violation occurred.
 
 
 11
 Accordingly, the Court ADOPTS the magistrate's Report and Recommendation. Defendants' Motion to Dismiss is GRANTED, and plaintiff's cause of action is DISMISSED.
 
 
 12
 IT IS SO ORDERED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs